IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JODIE MOEN,

                Plaintiff,

     v.

ATTORNEY GENERAL OF THE
STATE OF OREGON, KLAMATH
COUNTY,

                Defendants.

Case No. 1:15-cv-00380-CL

**REPORT &
RECOMMENDATION**

CLARKE, Magistrate Judge.

    Plaintiff Jodie Moen seeks to proceed in forma pauperis (IFP) and pro se with a civil action against the Attorney General of the State of Oregon and Klamath County. She also moves for appointment of pro bono counsel. For the reasons stated below, the court recommends Plaintiff's IFP application (#2) and motion (#3) be denied, and her complaint dismissed.

Page 1 -- REPORT & RECOMMENDATION

## STANDARDS

Generally, all parties instituting any civil action in a United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal in forma pauperis ("IFP") statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or…seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must state a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556)

Pro se pleadings are held to less stringent standards than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se

plaintiffs liberally and afford the plaintiffs the benefits of any doubt. Karim-Panahi v. LA. Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Id. at 623.

Generally, there is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir.1986). However, pursuant to 28 U.S.C. § 1915(e), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. Id.; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). While this court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. Wood, 900 F.2d at 1335-36; Wilborn, 789 F.2d at 1331; Richards v. Harper, 864 F.2d 85, 87 (9th Cir.1988) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983)). However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." Wilborn, 789 F.2d at 1331; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).

## DISCUSSION

On March 5, 2015, Jodie Moen filed a Complaint against the Attorney General of the State of Oregon and Klamath County (#1). The Complaint states that her claims are based on the "Sixth and Fourteenth Amendment rights to Due Process and the ADA." She does not allege

any factual claims or assertions, but refers to the "attached letter and brief, second brief, and exhibits." The Court has reviewed the Plaintiff's attached documents and cannot discern what factual and legal claims are being alleged against each of the named defendants. It appears that she believes that the attorney general's office and the Klamath County Sheriff's Office has not adequately investigated on her behalf several issues. The first issue appears to be a matter regarding a trailer and some third parties that she claims have taken the trailer from her unlawfully. The second issue appears to involve failure to sign a restraining order filed by Ms. Moen against said third parties.

Construing the Complaint as liberally as possible, it appears that the Plaintiff would like the defendant agencies to investigate her issues and provide her with the relief she seeks against the third parties not named in this case. However, this Court has no power to direct state agencies or other public bodies to take investigatory or prosecutorial action. Plaintiff has not alleged any discernable claims against the defendants by which the Court could grant her relief. It is unclear whether or not the deficiencies of the complaint could be cured by amendment. Affording the plaintiff the benefit of the doubt, she should be given the opportunity to file an amended complaint with instructions to follow the pleading standards as stated above.

## RECOMMENDATION

The Court recommends that Plaintiff's Complaint (#1) be DISMISSED and that Plaintiffs' application to proceed IFP (#2) be DENIED as moot and her motion for pro bono counsel (#3) also be DENIED. Plaintiff should be given thirty days to file an optional amended complaint.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If an objection is filed, any response to the objection is due within fourteen (14) days from the date of the objection. *See* FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this 26 day of March, 2015.

MARK D. CLARKE
United States Magistrate Judge